Dear Mr. Moses:
You have requested an opinion from this office regarding the period of time in which property sold for nonpayment of taxes may be redeemed and whether this period can be suspended or interrupted by the tax debtor's continued possession of the property. In short, a tax debtor may redeem such property for three years after the date of recordation of the tax sale. The tax debtor's continued possession of the property does not interrupt or suspend this period. We refer you to the following:
 La. R.S. 47:2221. Right to Redeem.
 Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
 La. Constitution Article VII, Section 25(B).
 (B) Redemption. (1) The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
The Louisiana Supreme Court, in Harris v. Fuller,532 SO.2d 1367 (La. 1988), determined that the three-year period for redemption mandated by the constitution is peremptive, and therefore, cannot be suspended or interrupted. A peremptive period is a period of time, fixed by law, for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. Peremptive periods may not be renounced, interrupted, or suspended. (See La. Civil Code Articles 3458 and 346.) *Page 2 
The Harris Court also addressed your second question concerning the tax debtor's possession of the property and the beginning of the prescriptive period. R.S. 47:2221 was amended by Act 577 of 1978 to include language referencing the running of prescription. The court noted the identical language was also added to R.S. 47:2226 on the annulment of tax sales, and to R.S. 47:2228, the procedure for quieting tax titles. The language added to each section is as follows:
 Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
While the Court recognized the legislative intent to amend all three sections to properly reference the new Constitution of 1974 and to add language regarding the running of prescription, it found the language added to R.S. 47:2221 to be meaningless in light of its determination that the redemptive period isperemptive, and not prescriptive. The Court stated:
 The reference in R.S. 47:2221 to "prescription" not beginning to run against a tax-debtor owner in possession cannot be given effect. Because the three year constitutional period is peremptive, and not prescriptive, the articles of the Civil Code relating to peremption are in direct conflict with the applicability here of such concepts as suspension or interruption. Insofar as redemption is concerned, the 1978 amendment to R.S. 47:2221 cannot be given effect. Harris v. Fuller, 532 SO.2d 1367 (La. 1988) at 1371.
Accordingly, a tax debtor's continued possession of the property will not suspend or interrupt the three-year redemptive period. This period is peremptive, and therefore, cannot be suspended or interrupted. The language concerning possession and prescription added to R.S. 47:2221 by the 1978 amendment does not change the effect of the statute.
We trust this adequately addresses your questions. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 By: _________________________ DENISE B. FITZGERALD Assistant Attorney General